# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60688

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2017

Lyle W. Cayce
Clerk

EDDIE A. PENNYPACKER; JONATHAN BLAKE LEWIS,

      Plaintiffs - Appellees

v.

THE CITY OF PEARL, MISSISSIPPI; MAYOR BRAD ROGERS, Individually; MELVIN MYERS, Individually, also known as Scooter,

      Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-262

Before JONES, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiffs Eddie A. Pennypacker and Jonathan Blake Lewis brought a complaint arising out of their terminations from the Pearl Municipal Golf Course. They allege that they were fired for reporting their supervisor Melvin "Scooter" Myers's misuse of city resources to Mayor Brad Rogers. According to plaintiffs, Mayor Rogers terminated them after holding a hearing, and then

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60688

the City of Pearl's seven-member Board of Aldermen sustained the terminations.

Plaintiffs asserted claims under federal and state law, including a claim for First Amendment retaliation brought under 42 U.S.C. § 1983. The district court granted in part and denied in part defendants' motion for summary judgment. In so ruling, the district court did not address the individual defendants' request for qualified immunity; nor did it identify any of the material factual issues that it found to be in dispute.

The City of Pearl, Mayor Rogers, and Myers appeal the district court's denial of summary judgment on plaintiffs' claim for First Amendment retaliation brought under § 1983. Based on our review of the briefs, the record, the applicable law, and the arguments of counsel, we REVERSE the district court's denial of summary judgment on plaintiffs' First Amendment retaliation claim. Plaintiffs concede that Mayor Rogers and Myers were not the final decision-makers responsible for their terminations. It is not clearly established in this circuit whether these individual defendants may be held personally liable for First Amendment retaliation under § 1983. *See Culbertson v. Lykos*, 790 F.3d 608, 627 (5th Cir. 2015); *Johnson v. Louisiana*, 369 F.3d 826, 831 (5th Cir. 2004) ("[O]nly final decision-makers may be held liable for First Amendment retaliation employment discrimination under § 1983."). Accordingly, we GRANT summary judgment based on qualified immunity in favor of Mayor Rogers and Myers. We further DISMISS the appeal brought by the City of Pearl for lack of pendent appellate jurisdiction. *See McKee v. City of Rockwall*, 877 F.2d 409, 412-13 (5th Cir. 1989).

On remand, Judge Wingate is directed to deliver this case to the Chief Judge of the Southern District of Mississippi for reassignment. *See In re State of Miss.*, No. 16-60610 (5th Cir. Sept. 29, 2016).